UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD ISAAC JOHNSON,<br><br>                      Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON, PIERCE COUNTY, CITY OF TACOMA, PIERCE COUNTY JAIL, PIERCE COUNTY JAIL STAFF, CORRECTIONAL OFFICER SHULTZ, PIERCE COUNTY SUPERIOR COURT JUDICIARY, DEPARTMENT OF ASSIGNED COUNSEL, BRYCE NELSON, CITY OF LAKEWOOD, LAKEWOOD POLICE DEPARTMENT, KENNETH HENSON, and ANDREW GILDEHAUS,<br><br>                      Defendants. | No. C12-5839 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 21, 2012** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff, a prisoner filing *pro se,* was been granted leave to proceed *in forma pauperis*. ECF No. 3. On October 2, 2012, the Court reviewed Plaintiff's Complaint (ECF No. 4) and found it to be deficient. The Court ordered Plaintiff to show cause why his complaint should not be dismissed. Alternatively, Plaintiff was given a deadline of October 26, 2012 to file an amended complaint. ECF No. 5. Plaintiff did not file an amended complaint or otherwise respond to the Court's Order.

Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983. It is recommended that this case be **dismissed without prejudice.**

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

REPORT AND RECOMMENDATION - 2

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

In this case, Plaintiff purports to sue various Lakewood Police officers, the State of Washington, Pierce County, the Cities of Lakewood and Tacoma, the Pierce County Jail, the Pierce County Superior Courts, the Department of Assigned Counsel, and the Prosecuting Attorney, all in connection with an on-going criminal case, Case No. 12-1-01235-2 in Pierce County Superior Court.  ECF No. 4.  Plaintiff claims that he is being falsely accused, that he was kidnapped by Lakewood police officers, illegally transported from Lakewood to Tacoma, is being maliciously prosecuted, slandered, was sprayed with pepper spray, and is being subjected to improper procedures and cruel and unusual punishment.  *Id.*  Plaintiff previously filed an almost identical lawsuit against these same parties on September 12, 2012 in Case No. C12-5818 RBL/KLS. In that case, the Court declined to serve his complaint because it is deficient. See

REPORT AND RECOMMENDATION - 3

ECF No. 6 (Order to Show Cause). The Court explained in some detail why Plaintiff's complaint was deficient and ordered him to show cause why his complaint should not be dismissed or alternatively, that he submit an amended complaint on or before October 26, 2012.  Plaintiff failed to submit an amended complaint or otherwise respond to the Court's Order.   Under separate Report and Recommendation, the undersigned is recommending that Case No. C12-5818 RBL/KLS be dismissed without prejudice.

This action is duplicative of the action in Case No. C12-5818 RBL/KLS.  Plaintiff was ordered to explain why this case should not be dismissed.  He failed to respond to the Court's Order.

**CONCLUSION**

Plaintiff was previously advised that he failed to assert denial of a right secured by the Constitution or laws of the United States.  Plaintiff was given an opportunity to show cause why his complaint should not be dismissed or to file an amended complaint.  He failed to file an amended complaint or otherwise respond to the Court's Order.  Plaintiff has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.  Accordingly, it is recommended that this case **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the

//

//

REPORT AND RECOMMENDATION - 4

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 21, 2012,** as noted in the caption.

    **DATED** this  30th  day of November, 2012.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 5